## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STANLEY E. KORNAFEL, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 19-CV-2783** |
| | : | |
| DEL CHEVROLET, *et al.*, | : | |
| Defendants. | : | |

### MEMORANDUM

**JONES, J.**                                                        **OCTOBER  6 , 2020**

In a June 28, 2019 Memorandum and Order, the Court dismissed Plaintiff Stanley E.

Kornafel's *pro se* Complaint without leave to amend.  (*See* ECF Nos. 4, 5.)  Kornafel's appeal of

that dismissal order was denied by the United States Court of Appeals for the Third Circuit, and

the mandate issued on September 24, 2020.  (ECF No. 10.)  Prior to issuance of the Third

Circuit's mandate, Kornafel filed a pleading labeled "Complaint" seeking relief pursuant to

Federal Rule of Civil Procedure 60(b).[1]  (ECF No. 8.)  For the following reasons, the pleading

will be construed as a Rule 60(b) motion and the Motion will be denied.[2]

## I.      BACKGROUND

Kornafel's original Complaint concerned alleged fraud and other improprieties that

allegedly occurred in the course of a state lawsuit that Kornafel filed against Del Chevrolet, over

which the Honorable James P. MacElree, II presided.  (*See* ECF No. 2.)  Documents attached to

---

[1] Kornafel subsequently filed an "Addemdum [sic] to the Complaint" to correct the name of a
defendant and provide updated service information.  (ECF No. 9.)

[2] The Third Circuit has expressed a preference for considering filings based on their substance
rather than their title, especially those filed by *pro se* litigants.  *See Garrett v. Wexford Health*,
938 F.3d 69, 82 (3d Cir. 2019), *cert. denied*, No. 19-867, 2020 WL 2515456 (U.S. May 18,
2020).

the Complaint reflected that Judge MacElree granted summary judgment to Del Chevrolet on

Kornafel's claims.  (*Id.* at 1 (citing Compl. at 16).)  After granting Kornafel leave to proceed *in*

*forma pauperis*, the Court dismissed his Complaint because: (1) the *Rooker-Feldman* doctrine

deprived the Court of jurisdiction over Kornafel's claims to the extent he sought review and

rejection of Judge MacElree's unfavorable judgment against him; (2) Kornafel's claims were to

some extent malicious or barred by *res judicata* because he previously sued Del Chevrolet based

on the underlying state litigation and his case was dismissed, *see Kornafel v. Del Chevrolet*, Civ.

A. No. 18-1419 (E.D. Pa.); (3) Kornafel failed to adequately allege an unconstitutional

conspiracy; (4) Judge MacElree was entitled to absolute immunity from Kornafel's claims; and

(5) the Court could not discern any other basis for a plausible claim upon which Kornafel could

proceed.  (ECF No. 4 at 3-5.)  The Third Circuit affirmed on essentially the same grounds,

although it did not address whether Kornafel's claims were malicious or barred by *res judicata*.

*See Kornafel v. Del Chevrolet*, 788 F. App'x 895, 897 (3d Cir. 2020) (per curiam).

Kornafel's pending Motion, which runs fifty-five pages, contains case citations, invokes

Rule 60, cites statutes and constitutional provisions, and attaches documents from his state court

case as exhibits.  (ECF No. 8.)  At times he challenges this Court's opinion clause by clause; at

other times, he appears to be challenging Judge MacElree's decision in the underlying state court

litigation.  The specific basis upon which Kornafel brings his Motion is not clear, but the Court

understands him to be claiming as a general matter that the dismissal of his case, both in state

court and in federal court, amounted to an injustice and constituted fraud.

## II.      STANDARD OF REVIEW

Federal Rule of Civil Procedure 60(b) provides as follows:

On motion and just terms, the court may relieve a party or its legal representative
from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have
been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or
misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an
earlier judgment that has been reversed or vacated; or applying it prospectively is
no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Finality to litigation is a strong interest in in the efficient administration of

justice.  *See Arizona v. California*, 460 U.S. 605, 620 (1983), *decision supplemented*, 466 U.S.

144 (1984). "Given the importance of finality in litigation, Rule 60 allows for relief from

judgments under limited circumstances and the burden to obtain such relief is high." *Advanced*

*Multilevel Concepts, Inc. v. Bukstel*, Civ. A. No. 11-3718, 2014 WL 6907973, at *13 (E.D. Pa.

Dec. 9, 2014).

## III.    DISCUSSION

In his Motion, Kornafel attempts to relitigate his dismissed claims and argues that the

dismissal of his claims was erroneous.  Not only has he failed to establish a legal error in

dismissing his claims, but legal error is not a basis for a 60(b) motion.  *See Pridgen v. Shannon*,

380 F.3d 721, 728 (3d Cir. 2004).  Nothing in the Motion demonstrates that Kornafel is entitled

to relief under Rule 60(b)(1) or (3) since he has not met his high burden to show that the Court's

legal conclusions constituted mistake or fraud, and merely characterizing them as fraud does not

make it so.  Neither can any other reason be discerned from Kornafel's filing that would permit

relief under Rule (60)(b)(6).  An appropriate Order follows, which denies Kornafel's Motion.

BY THE COURT:


*/s/* **C. Darnell Jones, II**
**C. DARNELL JONES, II, J.**

3